NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CAROLINA SAUCEDO-HERNANDEZ;
MARINA LEYVA-SAUCEDO; MIRIAN
LEYVA-SAUCEDO; MARISOL LEYVA-
SAUCEDO; SERGIO LEYVA-
HERNANDEZ; FABIAN LEYVA-
SAUCEDO; FRANCISCO LEYVA-
SAUCEDO; MAGALI LEYVA-
SAUCEDO,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 21-960

Agency Nos.
A202-098-484
A202-098-485
A202-098-486
A202-098-487
A202-098-488
A202-098-489
A202-098-490
A202-098-491

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2026[**]

Before: GOULD, MENDOZA, JR., and DESAI, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioners, natives and citizens of Mexico, petition for review of a Board of Immigration Appeals ("BIA") decision dismissing their appeal of an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, and CAT protection for substantial evidence. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992); *Lalayan v. Garland*, 4 F.4th 822, 839–40 (9th Cir. 2021). "Where, as here, the BIA adopts and affirms the IJ's order pursuant to *Matter of Burbano,* 20 I. & N. Dec. 872, 874 (BIA 1994), and expresses no disagreement with the IJ's decision, we review the IJ's order as if it were the BIA's." *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011); *see also Abebe v. Gonzales*, 432 F.3d 1037, 1040–41 (9th Cir. 2005) (en banc).

1. Substantial evidence supports the IJ's denial of Petitioners' applications for asylum and withholding of removal on the basis that they failed to demonstrate a well-founded fear of persecution on account of a protected ground in Mexico.[1] A removable noncitizen bears the burden of demonstrating asylum eligibility by

---

[1] Petitioners challenge only the IJ's well-founded fear of future persecution determination and do not challenge the determination that they failed to establish past persecution.

showing that they are a refugee within the meaning of the Immigration and Nationality Act. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Garcia v. Wilkinson*, 988 F.3d 1136, 1142–43 (9th Cir. 2021). An applicant for asylum and withholding of removal must demonstrate a nexus between their persecution, feared persecution, or threat to their life, and their asserted protected ground. *See Wilkinson*, 988 F.3d at 1142–43, 1146–47. An asylum applicant must demonstrate that the asserted protected ground is "one central reason" for their persecution, while a withholding of removal applicant need only demonstrate that the protected ground is "a reason." *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–61 (9th Cir. 2017).

Nothing in the record compels a contrary conclusion to the IJ's determination that Petitioners failed to demonstrate a well-founded fear of persecution on account of membership in any of their three proposed particular social groups: (1) members of the Saucedo family; (2) a single woman with several daughters; and (3) sons at risks of gang recruitment. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). The record shows that Petitioners' fear is of generalized crime and violence, and does not indicate they will be targeted on account of their membership in their proposed particular social groups. *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (holding that generalized violence does not constitute a valid basis for asylum relief). Petitioners have not personally experienced violence. Although members of Petitioners' family have experienced

violence, the record does not indicate the perpetrators' motive or otherwise compel the conclusion that Petitioners will now be targeted on account of a protected ground. Petitioners' failure to demonstrate nexus is dispositive of both their asylum and withholding of removal claims. *See Barajas-Romero*, 846 F.3d at 360.

2. Substantial evidence supports the IJ's denial of CAT relief. A noncitizen who has been ordered removed is entitled to protection under CAT if the noncitizen demonstrates that "it is more likely than not" that they will be tortured if removed to a certain country. *Maldonado v. Lynch*, 786 F.3d 1155, 1162 (9th Cir. 2015) (en banc) (quoting 8 C.F.R. § 1208.16(c)(2)). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (quoting *Al–Saher v. I.N.S.*, 268 F.3d 1143, 1147 (9th Cir. 2001)). The record does not compel the conclusion that Petitioners are more likely than not to be tortured in Mexico with the acquiescence of the government. *See Wilkinson*, 988 F.3d at 1147–48. Petitioners have not personally experienced past harm in Mexico, and—given the lack of evidence relating to the motive of the perpetrators involved in harming their family members—the record does not compel the conclusion it is more likely than not that Petitioners will be tortured in the future. Further, the record does not compel the conclusion that the government would acquiesce in any future torture of

Petitioners. Petitioners' feared harm relates to private actors and Lead Petitioner's testimony does not suggest the government acquiesced in any of the harm experienced by her family members. Indeed, her testimony suggested that the government was involved in securing the release of her cousin after she was kidnapped. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (holding that there was no government acquiescence when the police investigated the death of petitioner's family member). At most, Petitioner's testimony speaks to a broader ineffectiveness on the part of the government in responding to criminal activity, but this does not suffice to show government acquiescence. *See id.* ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence"). Accordingly, Petitioners' CAT arguments also fail.

**PETITION DENIED.**[2]

---

[2] The stay of removal will remain in place until the mandate issues. Petitioners' motion to stay removal, Dkt. 2, is otherwise denied.